9TH CIRCUIT CASE NUMBER: **15-16159**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEPHEN ROBINSON; SHEILA ROBINSON

Plaintiffs - Appellants

v.

AlvaradoSmith, APC; John M. Sorich; S. Christopher Yoo; LaShon Harris; Christopher J. Donewald; Alyson Dudkowski; LaSalle Bank National Association; EMC Mortgage LLC; Eddie Cameron - Agent for EMC; JPMorgan Chase & Co.; Bank of America National Association; Doe's 1 through 5 Inclusive

Defendants - Appellees

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

OPENING BRIEF FOR STEPHEN ROBINSON; SHEILA ROBINSON
AS APPELLANTS

Stephen Robinson;
Sheila Robinson
486 Churchill Park Drive
San Jose, CA 95136
Phone: 408-281-0233
Pro Se

# TABLE OF CONTENTS

**HEADING**                                    **PAGE**

Jurisdictional Statement.............................................................. 2

Statement of the Issues Presented for Review........................................2

Statement of Case....................................................................2

Summary of Argument.............................................................. 5

Standard(s) of Review.............................................................. 6

District Court Neglected Its Obligation To Protect
Plaintiffs' Right of Access To Courts................................................. 6

Rights Must Be Protected Against Invasion.........................................8

The Plaintiffs Are Entitled To Responsive
Pleadings And Discovery..........................................................10

Rooker-Feldman Does Not Bar Jurisdiction......................................... 15

Pro Se Pleadings Are To Be Given
A Liberal Construction…............................................................ 18

The Actions of The District Court Were Prejudicial............................. 18

Conclusion...........................................................................19

Statement of Related Cases.................................................... 20

Certificate of Compliance........................................................ 21

Certificate of Service.............................................................22

Parties [Defendants] Served.................................................... 23

Proof of Service..........................................................Final Page

# TABLE OF AUTHORITIES

**CASE LAW**                                          **PAGE**

*Bauers v. Heisel*
361 F.2d 581, 584 n.3 (3d Cir. 1966)..........................................11

*Bivens v. Six Unknown Named Agents*
403 U.S. 388 (1971)........................................................10

*Boyce v. Alizaduh*
595 F.2d 948, 951, 952 (4th Cir. 1979)......................................18

*Brandon v. District of Columbia Bd. of Parole*
734 F.2d 56, 59 (D.C. Cir. 1984)...............................................8

*Bryan v. Johnson*
821 F.2d 455, 458 (7th Cir. 1987)................................... 14, 15

*Cameron v. Fogarty*
705 F.2d 676, 678 (2d Cir. 1983)................................................11

*Catz & Guyer*
*supra* note 1, at 675-79..............................................................13

*Conley v. Gibson*
355 U.S. 41,45 46 (1957)..............................................................7

*Davis v. Passman*
442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979)................. 8, 9

*Dear v. Rathje*
485 F.2d 558, 560 (7th Cir. 1973)......................................... 11, 12

*Estelle v. Gamble*
429 U.S. 97, 112 n.5 (1976).........................................................11

*Franklin v. Oregon*
662 F.2d 1337, 1341 (9th Cir. 1981).............................12, 14, 18

*GASH Associates v. Village of Rosemont*
995 F.2d 726, 728-29 (7th Cir. 1993)..........................................17

*Gibbs v. Ryan*
160 F.3d 160 (3d Cir. 1998)........................................................ 11

*Green v. McKaskle*
788 F.2d 1116, 1120 (5th Cir. 1986)............................................8

*Haines v. Kerner*
404 U.S. 519, 520 (1972)............................................................ 18

*Horsey v. Asher*
741 F.2d 209, 211 n.3 (8th Cir. 1984)........................................ 13

*Humphrey v. Igbinosa II*................................................................17

*Kairalla v. John D. & Catherine T. MacArthur Found*
534 So.2d 774, 775 (Fla. 4th DCA 1988).................................... 8

*Katumbusi v. Gary*........................................................................17

*Leon v. Exponent, Inc et al*...........................................................17

*Lewis v. New York*
547 F.2d 4, 5 (2d Cir. 1976)........................................................ 14

*McTeague v. Sosnowski*
617 F.2d 1016, 1019 (3d Cir. 1980)............................................ 13

*Minneci v. Pollard*
132 S. Ct. 617..............................................................................9, 10

*Munz v. Parr*
758 F.2d 1254, 1258 (8th Cir. 1985)........................................... 14

*Nash v. Black*
781 F.2d 665, 668 (8th Cir. 1986)............................................... 14

*Nichols v. Schubert*
499 F.2d 946, 947 (7th Cir. 1974)............................................... 12

*Noel v. Hall*
341 F.3d 1148 (9th Cir. 2003)..................................................... 15, 17

*Pollard v. The GEO Group, Inc.*
629 F.3d 843 (9th Cir. 2010)........................................................ 9

*Tingler v. Marshall*
716 F.2d 1109, 1110 (6th Cir. 1983).............................................14

*Vina v. Hub Electric Co.*
480 F.2d 1139, 1140 (7th Cir.1973).............................................12, 14

*Welch v. Folsom*
925 F.2d 666, 670 (3d Cir.1991)................................................. 11

*Young v. Quinlan*
960 F.2d 351, 359 (3d Cir.1992)................................................. 11

*Wilson v. Iowa*
636 F.2d 1166, 1167-68 (8th Cir. 1981)....................................... 18

**FEDERAL RULES OF CIVIL PROCEDURE**

Federal Rules of Civil Procedure, Rule 4(a)............................... 11, 12, 14, 15

Federal Rules of Civil Procedure, Rule 4(c)............................... 10

Federal Rules of Civil Procedure, Rule15(a)............................. 8

**UNITED STATES CODE**

18 U.S.C. § 3231................................................................2

28 U.S.C. § 1291................................................................2

28 U.S.C. § 1915................................................................3, 10, 11, 12, 13, 15

42 U.S.C. § 1983................................................................2, 3, 6, 16

9TH CIRCUIT CASE NUMBER: **15-16159**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

STEPHEN ROBINSON; SHEILA ROBINSON

Plaintiffs - Appellants

v.

AlvaradoSmith, APC; John M. Sorich; S. Christopher Yoo; LaShon Harris; Christopher J. Donewald; Alyson Dudkowski; LaSalle Bank National Association; EMC Mortgage LLC; Eddie Cameron - Agent for EMC; JPMorgan Chase & Co.; Bank of America National Association; Doe's 1 through 5 Inclusive

Defendants - Appellees

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

_____

OPENING BRIEF FOR STEPHEN ROBINSON; SHEILA ROBINSON
AS APPELLANTS

_____

**Now comes** Plaintiffs (Stephen Robinson and Sheila Robinson), to the United States Court of Appeals for the Ninth Circuit, by Pro Se, and APPEAL from the United States District Court, Northern District of California Order Dismissing Plaintiffs' Federal claims Without Leave to Amend; and Dismissing the Action With Prejudice. Plaintiffs respectfully submit the following Appeal.

### Jurisdictional Statement

This is an appeal from the final Order of the District Court that disposes of all Plaintiff-Appellant claims. The District Court had jurisdiction under 18 U.S.C. 3231. The District Court entered final judgment against Plaintiff-Appellant on June 1, 2015. Appellants timely filed a Notice of Appeal on June 8, 2010. This Court has jurisdiction under 28 U.S.C. 1291.

### Statement of The Issues Presented For Review

Plaintiffs are entitled to relief. Plaintiffs have given specific facts showing good cause justifying this action. Plaintiffs have presented a valid federal claim to confer federal jurisdiction. Plaintiffs have presented a valid federal claim for relief under § 1983. Plaintiffs are entitled trial by jury. Plaintiffs were denied the equal protection of the law. Plaintiffs were denied the fundamental right of access to the courts. Plaintiffs were entitled to responsive pleadings and discovery. Plaintiffs were entitled to Leave to Amend defects that may have exist within the complaint.

### Statement of Case

1.     The Plaintiffs submitted their Complaint and the accompanied Application to Proceed In Forma Pauperis to the District Court on April 9, 2015. The Plaintiffs' Complaint is clear, properly filed, and otherwise compliant with legal filing requirements. The Plaintiffs' Complaint alleged violations of their Constitutionally protected rights, upon which they base their claim for relief. The Plaintiffs provided the District Court with a statement justifying the relief requested by the Plaintiffs (Claim for Relief). The Plaintiffs' claim has been stated adequately. The Plaintiffs' claim has been supported by the showing of facts consistent with the allegations in the complaint. See Plaintiffs' Federal Complaint.

**2.**     On May 13, 2015, the District Court Granted the Plaintiffs' Application to Proceed In Forma Pauperis; issued a Report and Recommendation that the action be dismissed with prejudice; and ordered the case be reassigned to a District Judge.

**3.**     The Plaintiffs' In Forma Pauperis application as well as the Plaintiffs' Complaint passed the District Court's prefiling review. The District Court spent more than a month examining the Plaintiffs' Complaint prior to GRANTING the Plaintiffs' Motion to Proceed In Forma Pauperis; during such time, the District Court did not deem the Complaint frivolous and did not Dismiss the action under section 1915(d) on grounds of frivolousness.

**4.**     If, in fact, the District Court legitimately determined the Plaintiffs' claims to be frivolous, the District Court should have done such in a prefiling dismissal; a postfiling immediate dismissal, or a postfiling delayed dismissal. Prefiling dismissal is supported by the language of the statute and early judicial interpretation of congressional intent.

**5.**     The District Court's May 13, 2015 Report and Recommendation applied three (3) specific points to its opinion that the Plaintiffs' claims are not cognizable under § 1983 and that the Plaintiffs' complaint does not raise a substantial federal claim for relief. See District Court's Report and Recommendation.

**6.**     The District Court opined:  (1) The fifth Amendment's Due Process Clause only applies to the Federal Government;  (2) Each of the Defendants are a private individual or entity, and private individuals and entities do not act under color of state law, an essential element of a § 1983 action;  (3) Under the *Rooker-Feldman* doctrine, the District Court lacks jurisdiction to review the final determinations of a state court in judicial proceedings. The Report and Recommendation gives no opinion regarding the Plaintiffs' assertion of federal jurisdiction based on a claim

under § 1983 for alleged violation of their Constitutional right to due process under the Fourteenth Amendment. Further, the District Court ignored the Plaintiffs' allegations of <u>Fraud</u> and the Plaintiffs' contention that the judgments in the underlying State Court proceedings are Void. The Plaintiffs sufficiently Objected to the District Court's Report and Recommendation that "this matter be dismissed because the Robinsons have not pled a viable federal claim for relief." See District Court's Report and Recommendation; and Plaintiffs' Objection to the Report and Recommendation of the Magistrate Judge.

7.     The Plaintiffs contend:  (1) the Plaintiffs maintain that the instant matter presents an issue that is an exception to the rule that the fifth Amendment's Due Process Clause only applies to the Federal Government;  (2) the Plaintiffs maintain that the instant matter presents an issue that is an exception and sufficient rebuttal to the District Court's opinion that private individuals and entities do not act under color of state law;  (3) the Plaintiffs maintain that the instant matter presents an issue/allegation of <u>Fraud</u> that establishes an exception and sufficient rebuttal to the District Court's opinion that under the *Rooker-Feldman* doctrine, the District Court lacks jurisdiction to review the final determinations of a state court in judicial proceedings. See Plaintiff's Objection to the Report and Recommendation of Magistrate Judge.

8.     The Plaintiffs are, and have been, seeking objective overview, redress, and remedy for the violation, deprivation, and denial of Constitutional Rights. The Plaintiffs believe that it is quite unreasonable for the District Court to Dismiss the Federal claims Without Leave to Amend and Dismiss the Action With Prejudice.

9.     The Plaintiffs are able to prevail on the merits and are entitled to relief. Based on the simple facts alone, no court and no judge and no reasonable jury

would disagree that there has been a denial of due process and the Plaintiffs have been deprived of some lawfully secured right. Here, the problem has been getting the court to: acknowledge the Plaintiffs' rights; acknowledge the Plaintiffs' entire complaint; examine all of the submitted documentation, evidence, and the record; and make a determination regarding the Plaintiffs' allegations.

10.    In the underlying suit, the Defendants' entire argument is solely based on circular reasoning. The Defendants' entire argument is/was in need of proof. Defendants provide no independent ground or evidence for their conclusion. Consequently, Defendants' argument fails. Defendants can only prevail by: procedural error; or Fraud; or if one already believes their conclusion and already disregards Plaintiffs' admissible, credible, and uncontroverted evidence.

11.    On June 1, 2015, the District Court adopted the Magistrate's Report and Recommendation and dismissed the Federal claims Without Leave to Amend; and Dismissed the Action With Prejudice. See District Court's Order of Dismissal. Because the District Court dismissed the action before service of process and responsive pleadings, there is no record, or at best a severely inadequate and incomplete record on appeal for this Court to determine whether the District Court had acted properly when it dismissed the action. The District Court's Order of Dismissal must be reversed and the matter remanded for further proceedings.

### Summary of Argument

12.    Plaintiffs Appeal from the District Court's Order Dismissing Plaintiffs' Federal claims Without Leave to Amend and Dismissing the Action With Prejudice. The Plaintiffs contend that the District Court erred in applying statute, doctrine, and caselaw; and the use thereof is an unconstitutional denial of the equal protection of the law, and a denial the fundamental right of access to the courts. For

the reasons set forth below, the District Court's Order Dismissing Plaintiffs' Federal claims Without Leave to Amend; and Dismissing the Action With Prejudice should be Vacated and the matter should be remanded for further proceedings.

## Standard(s) of Review

**13.**     A District Court statutory interpretation of 42 U.S.C. § 1983 is reviewed de novo. Dismissals based on *Rooker-Feldman* are reviewed de novo. Dismissal for failure to state a claim is reviewed de novo. Dismissal of complaint without leave to amend is reviewed for an abuse of discretion.

## District Court Neglected Its Obligation To Protect Plaintiffs' Right of Access To Courts

**14.**     On June 1, 2015, the District Court adopted the Report and Recommendation of the Magistrate Judge and dismissed the Federal claims Without Leave to Amend; and Dismissed the Action With Prejudice. See District Court's Order of Dismissal.

**15.**     The District Court dismissed the complaint pursuant to the two step procedure. The Plaintiffs' complaint *was not* dismissed as frivolous. However, the District Court failed to issue a summons and initiate service of process.

**16.**     The test for determining whether allegations are sufficient to confer federal-question jurisdiction has two prongs. First, pursuant to statute, the litigant must present a federal-question claims arising under the Constitution, laws, or treaties of the United States. Second, the federal-question must be substantial. In the instant matter, the Plaintiffs have presented  federal-question claims arising under the Constitution, laws, or treaties of the United States and the Plaintiffs' fact-specific claims are substantial.

**17.**    The factual allegations within Plaintiffs' complaint must be accepted as true.
Plaintiffs have stated claims for which relief can be granted. Plaintiffs' complaint is
worthy of further serious consideration. Plaintiffs' complaint maintains arguable
substance in law and in fact, and is sufficient to state a claim. Moreover, Plaintiffs
can prove any/all set of facts in support of the claims that entitle them to relief.
And, a *pro se* complaint can only be dismissed for failure to state a claim if it
appears "beyond doubt that the plaintiff can prove no set of facts in support of his
claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41,45 46
(1957). Here, the Plaintiffs' allegations are sufficient to call for the opportunity to
offer supporting evidence.

**18.**    Although, the Plaintiffs lack experience and skill in legal pleading, the
Plaintiffs' realistic chances of ultimate success are high if the argument is heard by
a reasonable jury. The Plaintiffs' claims are/were supported by the submitted
documentation, evidence, and the record. The Plaintiffs' claims are/were supported
by a rational argument on the law and facts. The Plaintiffs' Action should have
been allowed to proceed.

**19.**    Plaintiffs have presented reasonable facts in support of its claims. Plaintiffs
did raise: (1) a substantial federal claim for relief; and (2) a valid federal claim to
confer federal jurisdiction. Further, the Plaintiffs believe that they can cure any
defect that may exist in their Complaint, if given the opportunity/leave to amend
their complaint. The Plaintiffs' Complaint presented facts sufficient to notify a
District Court that an amendment to the complaint could easily cure the deficiency.

**20.**    Before dismissal: The District Court Should have allowed an amendment as
a matter of course; The District Court should have notified Plaintiffs of any
deficiencies in the complaint; The District Court should have afforded the Plaintiffs

an opportunity to cure any deficiencies by amending the complaint. District Cout's appearance of judicial impropriety should be avoided.

**21.**     Dismissing an action with prejudice due to defective pleading is not proper unless the plaintiff has been given an opportunity to amend. See *Kairalla v. John D. & Catherine T. MacArthur Found.*, 534 So.2d 774, 775 (Fla. 4th DCA 1988).

**22.**     The District Court believing Plaintiffs' claims to be deficient, by Rule, should have given the Plaintiffs an opportunity to develop their claim by amending the complaint, instituting discovery proceedings, or filing an opposition if Defendants moved to dismiss. See *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (a "liberal opportunity for discovery" permits plaintiffs "to disclose more precisely the basis of both a claim and a defense and to define more narrowly the disputed facts and issues"); *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984) (motion to dismiss puts plaintiff "on notice that the legal sufficiency of the complaint is being challenged" and gives plaintiff "insight into the theory upon which that challenge is made").

**23.**     15(a) of Federal Rules of Civil Procedure grants a plaintiff a right to amend until either the defendant files a responsive pleading or the District Court dismisses the action. Here, the District Court's Dismissal of the Plaintiffs' Federal Claims and the Dismissal of the Plaintiffs' Action preceded the defendant's answer. Thus, the Plaintiffs retain their right of amendment.

## Rights Must Be Protected Against Invasion

**24.**     Plaintiffs may enforce rights that are protected by the Constitution and the judiciary is the primary means through which these rights may be enforced. See *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).

**25.**     Here, and in the matter before the District Court, the Plaintiffs' claims must
be accepted as true and correct until proved otherwise. Plaintiffs' entire Complaint
and all claims therein, are non-frivolous and are taken in good faith.

**26.**     The Plaintiffs have a cause of action under the Fifth Amendment and the
Fourteenth Amendment. See *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60
L.Ed.2d 846 (1979) and Judicial relief is available.

**27.**     A prima facie violation of the Plaintiffs' Constitutionally protected rights
occurred. Thereafter, the Plaintiffs have and will continue to fight to secure those
rights they, lawfully, should have enjoyed from the beginning.

**28.**     The District Court's opinion, supporting its decision to Dismiss Plaintiffs'
Federal Claims Without Leave to Amend; and Dismiss the Action With Prejudice,
includes matters which reasonable jurists could differ. Having no choice but to
litigate their cases pro se and in forma pauperis, notwithstanding the inherent
insurmountable odds against pro se IFP litigants, Plaintiffs' have always believed
their realistic chances of ultimate success were high if the argument was to be
heard by a reasonable jury. The Plaintiffs have always expected to prevail.

**29.**     The District Court, in defense and justification of its Dismissing of Plaintiffs'
Federal Claims before service of process, and without responsive pleadings, and
without discovery, and Without Leave to Amend; and Dismissing Action With
Prejudice, proposed that because *Pollard* was reversed by *Minneci*, "*Pollard*
provides no support for the Plaintiffs." See District Court's Order of Dismissal, p.
5:25-28. However, When relying on *Minneci*, it should be necessary for the District
Court to refrain from throwing the baby out with the bathwater. *Pollard* was not
reversed because of a lack of federal-question jurisdiction regarding a Federal
action against a private individual. *Pollard* was reversed because the U.S. Supreme

Court decided, in *Minneci*, that state tort law remedies provide similar incentives for defendants to comply with the constitutional Amendment while also providing similar compensation to the victims of violations. Further, in *Minneci*, Justice GINSBURG, dissenting, held that "relief potentially available under state tort law does not block Pollard's recourse to a federal remedy for the affront to the Constitution he suffered. Accordingly, I would affirm the Ninth Circuit's judgment." See *Minneci v. Pollard*, 132 S. Ct. 617. Additionally, *Bivens* allows for Individual deterrence: "'where federally protected rights have been invaded,'" courts can "'adjust their remedies so as to grant the necessary relief.'"

30.  Here, the Courts allowed no such Incentives; no such recourse; and no such compensation. As such, the Plaintiffs lack any alternative remedy or forms of judicial relief at all. The Courts offered Plaintiffs no meaningful damages remedy and no deterrent to the Constitutional violations committed by the Defendants.

### The Plaintiffs Are Entitled To Responsive Pleadings And Discovery

31.  The Plaintiffs were authorized to proceed in forma pauperis under 28 U.S.C. § 1915. Consequently, the Plaintiffs' complaint was simultaneously deemed as filed. Thus, the District Court was required to order that service of the summons and complaint be made by a United States Marshal or Deputy Marshal or by a person specially appointed by the Court. The DISMISSAL of the instant matter must be Vacated and the matter be remanded for further proceedings because the Plaintiffs' Complaint was dismissed without summons and complaint having been issued and served; and without the Defendants ever responding to the complaint.

32.  Rule 4(c) of Federal Rules of Civil Procedure provides that upon the filing of a civil complaint the clerk shall issue a summons and deliver the summons and complaint, on behalf of an individual authorized to proceed in forma pauperis, to

be served by a U.S. Marshal or Deputy U.S. Marshal, or by a specially appointed person. "Moreover, § 1915(c) (re-numbered as § 1915(d)) unequivocally states that "[t]he officers of the court shall issue and serve all process, and perform all duties in [ifp] cases" that are not initially dismissed as frivolous by the district court. See also *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir.1992) (since district court granted plaintiff leave to proceed in forma pauperis, it was district court's responsibility to serve process upon all defendants); *Welch v. Folsom*, 925 F.2d 666, 670 (3d Cir.1991) (if district court does not dismiss complaint as frivolous, court is compelled to proceed in compliance with § 1915(c))." See *Gibbs v. Ryan*, 160 F.3d 160 (3d Cir. 1998).

**33.** The granting of in forma pauperis status based on financial eligibility and the consequent filing of the Plaintiffs' Complaint, triggers immediate issuance and service of process. Neither the Rules nor the statute endow a judge with the discretion to intervene at that particular stage of the pleadings to determine whether the clerk may issue a summons. Thus, under a postfiling delayed dismissal, an IFP complaint may not be dismissed before issuance of process. *Cameron v. Fogarty*, 705 F.2d 676, 678 (2d Cir. 1983) held that Procedurally, service of process of a filed complaint is not discretionary.

**34.** *Dear v. Rathje*, 485 F.2d 558, 560 (7th Cir. 1973) held that in forma pauperis plaintiffs were entitled to responsive pleadings (practice of dismissal before issuance of process "is in clear conflict with Rule 4(a) ... which imposes a duty on the Clerk to issue the summons); See also *Estelle v. Gamble*, 429 U.S. 97, 112 n.5 (1976) (Stevens, J., dissenting) (although complaint filed, "instead of causing it to be served on the defendants as required by [Rule] 4, the Clerk ... dismissed [it]"); *Bauers v. Heisel*, 361 F.2d 581, 584 n.3 (3d Cir. 1966) (expressing disfavor with

immediate postfiling dismissal because "the requirements of Rule 4(a) are explicit"); *Dear v. Rathje* further states, "The practice here as in *Vina* is in clear conflict with Rule 4(a), Fed.R.Civ.P. which imposes a duty on the Clerk to issue the summons".

**35.**    *Franklin v. Oregon*, 662 F.2d 1337, 1341 (9th Cir. 1981) ("[L]iteral reading of [Rule] 4(a) supports the proposition that a summons must be issued before a dismissal for failure to state a claim . . . .").

**36.**    Because the Plaintiffs were Granted IFP status, *Nichols v. Schubert*, 499 F.2d 946, 947 (7th Cir. 1974) can be applied to the instant matter. Notwithstanding the amendments to Rule 4 and Section 1915, the Federal Rules of Civil Procedure provides a clear mandate to the clerk to immediately issue a summons and deliver it to the marshal for service. *Nichols v. Schubert* further states: "Here also a *pro se* complaint was filed by the plaintiff but instead of paying the filing fee, he sought and was granted leave to proceed in forma pauperis. However the complaint was dismissed *sua sponte* without summons having been issued or served. We perceive no reason for circumventing the mandate of Rule 4(a) that the clerk "shall forthwith issue a summons," simply because the matter proceeded in forma pauperis. Such cases must proceed through the adversary system with live defendants properly served as in all other cases. Without reaching the merits, we vacate the order of dismissal and remand the cause with directions to order immediate issuance of summons against the named defendant. The mandate of this court will issue immediately. Vacated and remanded with directions."

**37.**    IFP plaintiffs are entitled to responsive pleadings and discovery. However, in the instant matter, Plaintiffs were denied responsive pleading procedures and discovery normally afforded to paying-plaintiffs. Seemingly the contentions of

litigants are sometimes looked upon with contempt when they seek relief in Pro Se IFP. Here, the Defendants have been taking advantage of the Court's perceived disregard and prejudicial conception of Pro Se IFP litigants.

**38.** The District Court did not reach the merits. The District Court did not make the required inquiry into the factual basis of the Plaintiffs' Complaint. The District Court is dismissing meritorious claims. Plaintiffs have a reasonable chance for success on the merits.

**39.** Plaintiffs are not prisoners. Plaintiffs should be granted the same procedural rights as paying-plaintiffs. *Catz & Guyer*, *supra* note 1, at 675-79 (argues that courts should have no more power over in forma pauperis plaintiffs than over paying plaintiffs ... in forma pauperis plaintiffs should be treated the same way as paying plaintiffs under the Federal Rules of Civil Procedure); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984) (section 1915 must be interpreted to afford IFP complaints same standards applicable to paid complaints); *McTeague v. Sosnowski*, 617 F.2d 1016, 1019 (3d Cir. 1980) (Congress, in enacting section 1915, mandated courts should apply same dismissal procedures to IFP plaintiffs as non-indigent plaintiffs, "[o]therwise the scales of justice will be tilted against [the] ... poor").

**40.** The preservation of the adversarial scheme mandates that responsive pleadings are absolutely necessary. The basis and foundation of the plaintiff-defendant relationship in a legal proceeding is materially eroded when the court neglects its position as an impartial and fair determiner and actively participates in the pleading process. Such makes the court appear to be unfairly maneuvering itself in the position to act as an advocate for the Defendant only. The Courts cannot assist the Defendants to the detriment of the Plaintiffs or to the point that the impartiality of the tribunal can be called into question.

**41.**     Such is the case here. The District Court has taken the position of the

adversary against the Plaintiffs. It is improper and inappropriate for the District

Court to assert itself as the savior and protector of the Defendants, thereby

exempting the Defendants from making the requisite responsive pleadings. The

District Court cannot provide the affirmative defenses, the Defendants must argue

their own position. See *Lewis v. New York*, 547 F.2d 4, 5 (2d Cir. 1976) ("It is

prudent for judges to avoid an inquisitorial role, and not search out issues more

appropriately left to a motion by the opposing party"); See *Nash v. Black*, 781 F.2d

665, 668 (8th Cir. 1986) (expressing disfavor with immediate dismissal procedures

because "district court is cast in the role of a proponent for the defense, rather than

an independent entity, and because such dismissal may lead to the wasteful

'shuttling of the lawsuit between the district and appellate courts.'" *Munz v. Parr*,

758 F.2d 1254, 1258 (8th Cir. 1985), quoting *Lewis v. New York*, 547 F.2d 4, 6 (2d

Cir. 1976)"); See *Tingler v. Marshall*, 716 F.2d 1109, 1110 (6th Cir. 1983) ("citing

*Franklin v. Oregon*, 662 F.2d 1337, 1342 (9th Cir. 1981)). Reluctant to act as

protectors for the defendant, these courts maintain that a defendant's remedies lie in

civil actions for abuse of process, or in equity for injunctive relief").

**42.**     See *Bryan v. Johnson*, 821 F.2d 455, 458 (7th Cir. 1987), held: (quoting *Vina

v. Hub Electric Co.*, 480 F.2d 1139, 1140 (7th Cir.1973)). "A district court may

dismiss an action on its own motion for failure to state a claim, but only after the

court takes the proper procedural steps." *Franklin*, 662 F.2d at 1340-41. "The court

must permit issuance and service of process as required by Fed.R.Civ.P. 4(a) and

the court must notify the plaintiff of the proposed action and afford him an

opportunity to submit written argument in opposition." Id. At 1341. *Bryan v.

Johnson*, further stated: ("Accordingly, in the future, a district judge should deny

leave to proceed in forma pauperis if an action is frivolous or malicious. If the motion is granted and the compliant filed, the matter cannot be dismissed until summons has issued. This practice will avoid any conflict between section 1915 and Fed.R.Civ.P. 4(a)..." *Bryan* continued: "The district court had the opportunity to determine whether Bryan's complaint was frivolous when it initially considered his motion to proceed in forma pauperis. If the court had considered the complaint to be frivolous it should have at that point dismissed the matter.... Thus, instead of dismissing the complaint, the court should have permitted a summons to issue and allow the defendants to respond. We, therefore, hold that the district court was in error in dismissing Bryan's complaint." *Bryan* Ruled: "The district court's order to dismiss is vacated. We instruct the district court to reinstate the action and direct the issuance of a proper summons on the parties defendant."

### Rooker-Feldman Does Not Bar Jurisdiction

43.   The District Court is resting on the *Rooker-Feldman* Doctrine as a bar to the Plaintiffs' action. However, because of the Fraud Exception to the *Rooker-Feldman* Doctrine, such doctrine is inapplicable here. Further, the *Rooker-Feldman* is inapplicable because the Plaintiffs' federal claims allege a prior injury that the State Court failed to remedy, See *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003). And, as the District Court states in its Order, "... cases where the federal plaintiff complains of a legal injury caused by an adverse party (not barred by the *Rooker-Feldman* doctrine), See District Court's Order of Dismissal, p. 9:15-21.

44.   In the matter before the District Court,  Plaintiffs complained of a legal injury caused by the Defendants (Adverse Party). Plaintiffs are, and have been, seeking a determination regarding Plaintiffs' claim that the Judgments are Void. Plaintiffs have sought determination regarding Plaintiffs' allegations of misconduct

and fraud. The Defendants acted illegally and the Plaintiffs seek to have the State Court judgments declared null and void because of the Constitutional errors and violations committed by the Defendants; their actions, being fraudulent, render the judgments void. Thereby, the judgments being void, vacate themselves.

**45.**    The Plaintiffs do not seek remedy against a legal injury caused by a the State Court, but rather Plaintiffs seek a remedy directly against the Defendants for the legal injury caused by the Defendants, therefore, *Rooker-Feldman* does not bar jurisdiction in Federal District Court. *Rooker-Feldman* is not a Constitutional doctrine and is being used to interfere with the Plaintiffs' right of access to Courts.

**46.**    Although the Plaintiffs complaint outlined the conspicuous actions and inactions of specific State Court Judges, such is not an attempt to bring a forbidden de facto appeal. It is, however, an attempt to introduce and identify the overt and significant participation by the mentioned State Court Judges. As stated in the Plaintiffs' Complaint, the Defendants' fraudulent acts would have been of no effect without the cooperation and assistance of the State Court. Thus, the "under cover of law" requirement has been alleged. The overt cooperation between Defendants and the State Court Judges allow the Plaintiffs to recover under §1983. The Plaintiffs' claims satisfy the elements required for recovery under §1983: (1) the Plaintiff have shown that the Defendants deprived them of a right secured by the "constitution and laws" of the United States, and (2) the Plaintiffs have shown that the Defendants deprived them of this Constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory' (under color of law). Courts hold that the involvement of a state official in such a conspiracy would plainly provide the state action necessary for a § 1983 claim.

47.    Plaintiffs sought to have the District Court review the fraudulent actions of the Defendants. The Plaintiffs' challenge does not require review of the final State Court judgments in the underlying suit. No issue was resolved by the State Court. The Plaintiffs did not bring the same challenge in the District Court as it did in the State Court. Instead, Plaintiffs alleged that Defendants' actions were constitutional violations. Thus, Plaintiffs brought a challenge to the Constitutionality of the actions of the Defendants. Such is not forbidden and the "inextricably intertwined" analysis cannot be applied.

48.    Although the Plaintiffs' claims presented to the District Court were clearly related to claims argued in the underlying State Court suit and rose out of the same sequence of events, the Constitutional claims presented to the District Court are not "inextricably intertwined", in the sense of *Rooker-Feldman,* with a decision of the State Court and do not require review of a judicial decision of the State Court. As stated, there has not been a judicial decision regarding Plaintiffs' claim that the Defendants misconduct and <u>Fraud</u> rendered the Judgments Void.

49.    The District Court maintains original jurisdiction because the Plaintiffs present an independent claim, "...albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." See *GASH Associates v. Village of Rosemont*, 995 F.2d 726, 728-29 (7th Cir. 1993); See *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003).

50.    There is not bar to the instant matter, whether: *Rooker-Feldman* Doctrine (barred by *subject matter jurisdiction*); or *Humphrey v. Igbinosa II* (barred by *res judicata*); or *Katumbusi v. Gary* (barred by statute of limitations); or *Leon v. Exponent, Inc et al* (duplicative, superfluous).

## Pro Se Pleadings Are To Be Given A Liberal Construction

**51.**    As stated above, the Plaintiffs' Complaint is clear, properly filed, and otherwise compliant with legal filing requirements. Further, the Plaintiffs are willing and eager to to learn and play by the rules, fix any issues and/or defects that may appear, and to do so on their own. However, the Plaintiffs are not attorneys and clearly lack the legal knowledge and experience of a trained and licensed lawyer. As such, the Supreme Court fashioned a rule of special solicitude. Thus, the District Court is obligated to afford a special solicitude to the Plaintiffs and their pleadings.

- Pro se complaints should be held to a more lenient standard than pleadings drafted by attorneys. See *Boyce v. Alizaduh*, 595 F.2d 948, 951, 952 (4th Cir. 1979).
- Pro se complaints should be considered under less stringent standards. See *Wilson v. Iowa*, 636 F.2d 1166, 1167-68 (8th Cir. 1981).
- Pro se complaints should be tested by "less stringent standards than formal pleadings by lawyers". See *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
- Many in forma pauperis litigants appear pro se. Complaints by such plaintiffs should be construed liberally. See *Franklin v. Oregon*, 662 F.2d 1337, 1346 n.11 (9th Cir. 1981).

## The Actions of The District Court Were Prejudicial

**52.**    The actions of the District Court were prejudicial. When this Court vacates the District Court's Order of Dismissal and remands the cause with instructions to reinstate the action and directions to order immediate issuance of summons against the named defendants and service of the complaint, the Defendants [in its Answer]

will simply repeat the arguments, issues, and defenses that were presented by the Magistrate Judge in its Report and Recommendation and the District Court in its Order of Dismissal and its Order revoking the Plaintiffs' IFP status. As such, the above mentioned District Court may not be able to function as an impartial and fair determiner and provide the objective overview sought by the Plaintiffs.

## Conclusion

**53.**   This Court should Vacate the District Court's Order Dismissing Plaintiffs' Federal Claims Without Leave to Amend; Dismissing the Action With Prejudice, and remand the matter for further proceedings.

Respectfully submitted,

September 10, 2015
_____
Date

_____
(Signature) Stephen Robinson – Appellant


_____
(Signature) Sheila Robinson – Appellant

## STATEMENT OF RELATED CASES

Pursuant to Circuit Rule 28-2.6, I state that *U.S. Bank, National Association, as Successor v. Stephen Robinson and Sheila Robinson* (in the Superior Court of California, County of Santa Clara **- Case Number: 115-CV-283110**), is related to this appeal.

_____
(Signature) Stephen Robinson – Appellant

_____
(Signature) Sheila Robinson – Appellant

## CERTIFICATE OF COMPLIANCE

I certify, pursuant to Federal Rule of Appellate Procedure 28 and Federal Rule of Appellate Procedure 32 (a)(7)(C) and 9th Circuit Rule 32-1, that the attached OPENING BRIEF FOR APPELLANTS STEPHEN ROBINSON AND SHEILA ROBINSON:

(1) complies with Federal Rule of Appellate Procedure 32(a)(7)(B). The Brief contains 5,052 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii); and

(2) complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The Brief has been prepared in [Open Office Word Processing Program] a proportionally spaced typeface in 14-point Times New Roman font.

September 10, 2015
_____
Date

_____
(Signature) Stephen Robinson – Appellant

_____
(Signature) Sheila Robinson – Appellant

# CERTIFICATE OF SERVICE

**Case Name:** Stephen Robinson; Sheila Robinson  v. AlvaradoSmith, APC, et al.

**9th Circuit Case Number:** 15-16159

    I do hereby certify that on September 10, 2015, a true and exact copy of the foregoing **PLAINTIFFS' OPENING BRIEF [PLAINTIFFS' APPEAL FROM THE DISTRICT COURT'S ORDER DISMISSING PLAINTIFFS' FEDERAL CLAIMS WITHOUT LEAVE TO AMEND; AND DISMISSING THE ACTION WITH PREJUDICE]** was served by United States mail, postage prepaid, on the persons listed below (Attached).

September 10, 2015
_____
   Date

_____
  (Signature) Stephen Robinson – Appellant

_____
  (Signature) Sheila Robinson – Appellant

## PARTIES [DEFENDANTS] SERVED

**a.**   Raul F. Salinas
AlvaradoSmith, APC
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
Phone: 714-852-6800

**b.**   John M. Sorich
Formerly: Shareholder at AlvaradoSmith, APC (Feb. 1993– Jan. 2015)
Currently: Managing Partner at PIB Law
695 Town Center Drive, 16th Floor
Costa Mesa, CA 92626
Phone: 714-361-9595
Email: john.sorich@piblaw.com

**c.**   Sung-Min Christopher Yoo
Currently: Shareholder/Attorney at AlvaradoSmith, APC
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
Phone: 714-852-6800
Email: cyoo@alvaradosmith.com

**d.**   LaShon Harris
Formerly: Attorney at AlvaradoSmith, APC (May 2009– Jan. 2015)
Currently: Associate at Severson & Werson PC
19100 Von Karman Avenue, Suite 700
Irvine, CA 92612
Phone: 949-442-7110
Email: lsh@severson.com

**e.**   Christopher J. Donewald
Formerly: Attorney at AlvaradoSmith, APC (Oct. 2010– April 2012)
Currently: Associate at PIB Law
695 Town Center Drive, 16th Floor
Costa Mesa, CA 92626
Phone: 714-361-9633
Email: christopher.donewald@piblaw.com

**f.**   Alyson Dudkowski
Formerly: Attorney at AlvaradoSmith, APC (Oct. 2010– Nov. 2012)
Currently: Litigation Director at Carrington Mortgage Holdings, LLC
25 Enterprise, 5th Floor
Aliso Viejo, CA 92656
Phone: 949-517-7100
Email: Aly.Dudkowski@carringtonmh.com

**g.**   LaSalle Bank National Association
100 North Tryon Street
Charlotte, NC 28202
Phone: 704-386-5681

**h.**   EMC Mortgage LLC
2780 Lake Vista Drive
Lewisville, TX 75067
Phone: 800-695-7695

**i.**   Eddie Cameron - Agent for EMC
2780 Lake Vista Drive
Lewisville, TX 75067
Phone: 800-695-7695

**j.**   JPMorgan Chase & Co.
270 Park Avenue
New York City, NY 10172
Phone: 212-270-6000

**k.**   Bank of America National Association
100 North Tryon Street
Charlotte, NC 28202
Phone: 704-386-5681